**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRISCILLA WALL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WESCOM CENTRAL CREDIT UNION and BARRACUDA NETWORKS, INC.,<br><br>Defendants. | Case No. 5:23-cv-02293-CAS-SHKx<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Date: September 29, 2025<br>Time: 10:00 a.m.<br>Ctrm/Location: 8D/Via Zoom<br><br>(Assigned to Hon. Christina A. Snyder) |

      This case is before the Court on Plaintiff Priscilla Wall's Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion"). The Court, having considered the Motion, the supporting brief, the Parties' Settlement Agreement dated August 28, 2025 (the "Settlement Agreement"); the proposed Claim Form (Exhibit A), Short Form Notice (Exhibit B), Long Form Notice (Exhibit C); the pleadings and other papers filed in this Action; and the statements of counsel and the Parties, and for good cause shown,

      **HEREBY ORDERS** as follows:

///

Preliminary Approval of Settlement Agreement

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2. This Court has jurisdiction over the Litigation, Plaintiff, all Settlement Class Members, Defendant Barracuda Networks, Inc. ("Barracuda" or "Defendant"), and any party to any agreement that is part of or related to the Settlement.

3. The Court finds that the proposed Settlement set forth in the Settlement Agreement is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved and notice of the settlement should be provided to the Settlement Class Members and that a hearing should be held as set forth below.

Class Certification

4. Solely for purposes of the Settlement, the Court conditionally certifies the following nationwide class ("Settlement Class") pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> All individuals who may have had Private Information potentially compromised as a result of the Incident, and who were provided notice of the Incident by Wescom.

5. Excluded from the Settlement Class are: (1) the judge presiding over the Action and members of her direct family, and the court personnel working on the Action, including the Court personnel's direct family members, (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or Defendant's parent companies have a controlling interest and their current or former officers and directors, (3) Wescom Central Credit Union, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Wescom or Wescom's parent companies have a controlling interest and their current or former officers and directors, and (4) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

6. Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b), are satisfied in that:

    a. the Settlement Class are so numerous that joinder of all members is impracticable;

    b. there are questions of law or fact common to the Settlement Class;

    c. Plaintiff and Class Counsel (as defined below) fairly and adequately represent the Settlement Class;

    d. the claims of Plaintiff are typical of those of Settlement Class Members;

    e. common issues predominate over any individual issues affecting the members of the Settlement Class;

    f. Plaintiff fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiff's interests are aligned with the interests of all other members of the Settlement Class; and

    g. settlement of the Litigation on a class-action basis is superior to other means of resolving this matter.

7. The Court appoints John J. Nelson of Milberg Coleman Bryson Phillips Grossman, PLLC as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8. The Court hereby appoints Plaintiff Priscilla Wall as the Class Representative for settlement purposes only on behalf of the Settlement Class.

### Notice to Settlement Class Members

9. Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the Short Form Notice and Long Form Notice (the "Settlement Notices") to the

1  Settlement Agreement, and finds that the dissemination of the Settlement Notice
2  substantially in the manner and form set forth in the Settlement Agreement complies
3  fully with the requirements of the Federal Rule of Civil Procedure 23 and due process
4  of law, and is the best notice practicable under the circumstances.

5        10.    The Court further approves the Claim Form which will be available both
6  on the Settlement Website and by request.

7        11.    The Notice procedures described in the Settlement Agreement are
8  hereby found to be the best means of providing notice under the circumstances and,
9  when completed, shall constitute due and sufficient notice of the proposed Settlement
10 Agreement and the Final Approval Hearing to all persons affected by and/or entitled
11 to participate in the Settlement Agreement, in full compliance with the notice
12 requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of
13 law.

14       12.    The Court hereby orders that, within seven (7) days of entry of this
15 Order, Settlement Class Counsel shall provide the Settlement Administrator with the
16 names and last known physical address of each member of the Settlement Class
17 (collectively, "Class Member Information") possessed by Wescom Central Credit
18 Union.

19       13.    No later than thirty (30) days from the date of this Order preliminarily
20 approving the Settlement, Settlement Class Counsel shall cause the Settlement
21 Administrator to send the Short Notice to each Settlement Class Member via U.S.
22 Mail; In the event that a Short Notice is returned to the Settlement Administrator by
23 the USPS because the address of the recipient is no longer valid, and the envelope
24 contains a forwarding address, the Settlement Administrator shall re-send the Short
25 Notice to the forwarding address within seven (7) days of receiving the returned Short
26 Notice. Contemporaneously with seeking Final Approval of the Settlement,
27 Settlement Class Counsel and Barracuda shall cause to be filed with the Court an
28

appropriate affidavit or declaration from the Settlement Administrator with respect to complying with the Notice Plan.

14. All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid by Barracuda separate and apart from the relief offered to the class pursuant to the Settlement Agreement.

15. The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination to the Settlement Class. The Claim Form shall be made available to the Settlement Class as set forth in the Settlement Agreement and shall be made available to any potential Class Member that requests one.

<u>Responses by Settlement Class Members and the Scheduling of a Final Approval Hearing</u>

16. Settlement Class Members may opt-out or object no later than one ninety (90) days from the approval of this Order (the "Opt-Out Deadline").

17. Any member of the Settlement Class that wishes to be excluded ("opt out") from the Settlement Class must send a written request to the designated Post Office box or email address established by the Settlement Administrator postmarked or submitted electronically on or before the Opt-Out Deadline. The Request for Exclusion must include the following, or substantially the same as the following, information: name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement Agreement. Members of the Settlement Class may not opt-out of the Settlement by submitting requests to opt-out as a group or class, but must in each instance individually and personally submit an opt-out request. All Settlement Class Members that opt-out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement

Class, and will preserve their ability to independently pursue any claims they may have against Barracuda.

18. Any member of the Settlement Class who does not properly and timely opt-out of the Settlement shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

19. A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on **February 2, 2026**, at **10:00 A.M.**, by Zoom. Zoom Webinar can be found on the Court's Website, under Judge Snyder's Procedures and Schedules.

20. At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Litigation; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Litigation. Settlement Class Counsel's application for award of attorney's fees and costs, and request for the Court to award a service award to the named Plaintiffs, shall also be heard at the time of the hearing.

21. The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out Deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order. The Court

may also decide to hold the hearing via zoom or telephonically. Instructions on how to appear at the Final Approval Hearing will be posted on the Settlement Website.

22. Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through its own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Settlement Class Counsel.

23. Any person who does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Settlement Class Member may object to, among other things, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for fees and expenses, or (d) the service award request, by mailing or submitting electronically a written objection to the Settlement Administrator, with a postmark date no later than ninety (90) days from the approval of this Order (the "Objection Deadline"). No later than ten (10) days after the Opt-Out Deadline, the Settlement Administrator shall provide a declaration stating the number of Settlement Class Members who have timely and validly excluded themselves from the Settlement (the "Opt-Out Report") to Settlement Class Counsel and counsel for Barracuda, and Settlement Class Counsel will file them with the Court as an exhibit to the Proposed Order Granting the Motion for Final Approval of the Settlement.

24. Any Settlement Class Member making the objection (an "Objector") must sign the objection personally or through Objector's counsel. An objection must state: (1) the name of the proceeding, (2) the Settlement Class Member's full name, current mailing address, email address, and telephone number, (3) a statement of the specific grounds for the objection, as well as any documents supporting the objection, (4) the identity of any attorneys representing the objector, (5) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the

Final Approval Hearing, (6) a statement identifying all class action settlements objected to by the Settlement Class Member in the previous five (5) years, and (7) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

25. Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Settlement Notices and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; and/or (e) the service award request for the named Plaintiff, whether by appeal, collateral attack, or otherwise.

26. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

27. Upon entry of the Order and Final Judgment all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Barracuda with respect to all of the Released Claims.

28. Barracuda shall prepare and send all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. Class Counsel and Counsel for Barracuda shall cooperate promptly and fully in the preparation of such notices, including providing Barracuda with any and all information in their possession necessary for the preparation of these notices. Barracuda shall provide courtesy copies of the notices to Class Counsel for the purpose of implementing the Settlement. Barracuda shall provide notice to Class Counsel of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

Administration of the Settlement.

29.     The Court hereby appoints the claims administrator proposed by the parties, RG/2 Claims Administration (the "Settlement Administrator"). Responsibilities of the Settlement Administrator shall include: (a) establishing a post office box for purposes of communicating with Settlement Class Members; (b) disseminating notice to the Settlement Class; (c) developing a website to enable Settlement Class Members to access documents; (d) accepting and maintaining documents sent from Settlement Class Members relating to claims administration; and (e) distributing settlement checks to Settlement Class Members. Pursuant to the Settlement Agreement, the Settlement Administrator and costs of administration shall be paid from the Settlement Fund.

30.     In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Barracuda and any other Released Person, and Barracuda and any other Released Persons shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

31.     Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or

contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Barracuda as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

Dated: September 29, 2025

*/s/ Christina A. Snyder*
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTICT JUDGE