John J. Nelson (SBN 317598)
**MILBERG, PLLC**
280 S. Beverly Drive - Penthouse
Beverly Hills, CA 90212
Telephone: (858) 209-6941
jnelson@milberg.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA WALL, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>WESCOM CENTRAL CREDIT UNION and BARRACUDA NETWORKS, INC.,<br><br>                    Defendants. | CASE NO. 5:23-cv-02293-CAS-SHK<br><br>(Assigned to Hon. Christina A. Snyder)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD** |

1

# **TABLE OF CONTENTS**

2

**PAGE**

3  I.     INTRODUCTION ......................................................................................... 1

4  II.    ARGUMENT.................................................................................................. 3

5
6       A. The Requested Fee Amount is Reasonable Under
          the Percentage-of- Fund Method.......................................................... 4

7       B. The Benefits Available to Class Members are Substantial............... 6

8
9          1.  The litigation was risky, complex, and expensive ........................ 7

10         2.  Class Counsel performed superior work to achieve
               the Settlement................................................................................. 8

11
12         3.  Class Counsel worked on a contingent basis ................................ 9

13         4.  Fees awarded in comparable cases exceed those
               requested here................................................................................. 10

14
15         5.  The reaction of the Class supports the fee request..................... 11

16      C. A Lodestar Cross-check Confirms the Reasonableness of
           the Fees Requested ........................................................................... 12

17
18      D. Class Counsel Litigation Expenses Are Reasonable........................ 15

19      E. The $5,000 Service Award is Reasonable......................................... 16

20  III.   CONCLUSION.......................................................................................... 17

21

22

23

24

25

26

27

28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

*Aguilar v. Wawona Frozen Foods*,
    2017 WL 2214936 (E.D. Cal. May 19, 2017) .................................................. 11

*Ahmed v. HSBC Bank United States*,
    2019 WL 13027266 (C.D. Cal. Dec. 30, 2019) ................................................ 5

*Allagas v. BP Solar Int'l, Inc.*,
    No. 3:14-CV-00560-SI, 2016 WL 9114162 (N.D. Cal. Dec. 22, 2016) ............ 9

*Alyeska Pipeline Serv. Co. v. Wilderness Soc.*,
    421 U.S. 240 (1975) ...................................................................................... 4

*Barbosa v. Cargill Meat Sols. Corp.*,
    297 F.R.D. 431 (E.D. Cal. 2013) ................................................................... 11

*Blum v. Stenson*,
    465 U.S. 886 (1984) ...................................................................................... 13

*Boyd v. Bank of Am. Corp.*,
    2014 WL 6473804 (C.D. Cal. Nov. 18, 2014) ................................................ 11

*Brown v. 22nd Dist. Agric. Ass'n*,
    No. 15-CV-02578-DHB, 2017 WL 3131557 (S.D. Cal. July 24, 2017) .......... 10

*Burden v. Select Quote Ins. Servs.*, No. C,
    10-5966 LB, 2013 WL 3988771 (N.D. Cal. Aug. 2, 2013) ............................. 11

*Caudle v. Bristow Optical Co.*,
    224 F.3d 1014 (9th Cir. 2000) ....................................................................... 14

*Ching v. Siemens Indus.*,
    No. 11-CV-04838-MEJ, 2014 WL 2926210 (N.D. Cal. June 27, 2014) .......... 10

*Craft v. County of San Bernardino*,
    624 F. Supp. 2d 1113 (C.D. Cal. 2008) ......................................................... 13

*Dearaujo v. Regis Corp.*,
    2017 WL 3116626 (E.D. Cal. July 21, 2017) ................................................. 11

*DeCarlo v. Watermark Retirement Communities, LLC*,
   No. 2:23-cv-01659, 2025 WL 2111437 (C.D. Cal. July 23, 2025)................... 3

*DeRosa v. ViacomCBS Inc.*,
   No. 2:20-cv-02965, 2024 WL 713739 (C.D. Cal. Feb. 21, 2024) ............... 3, 11

*Emmons v. Quest Diagnostics Clinical Labs, Inc.*,
   2017 WL 749018 (E.D. Cal. Feb. 24, 2017) ..................................................... 11

*Fernandez v. Victoria's Secret Stores, LLC*,
   No. CV 06-04149 MMM, 2008 WL 8150856 (C.D. Cal. July 21, 2008)......... 11

*Franco v. Ruiz Food Prods., Inc.*,
   No. 1:10-cv-02354-SKO, 2012 WL 5941801 (E.D. Cal. Nov. 27, 2012) ........ 11

*Fulford v. Logitech, Inc.*,
   No. 08-CV-02041 MMC, 2010 WL 807448 n.1 (N.D. Cal. Mar. 5, 2010)...... 17

*Garcia v. Gordon Trucking, Inc.*,
   No. 1:10-cv-324-AWI-SKO, 2012 WL 5364575 (E.D. Cal. Oct. 31, 2012).... 11

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) .............................................................. 3, 4, 8, 13

*Harris v. Marhoefer*,
   24 F.3d 16 (9th Cir.1994) ............................................................................... 15

*Hawthorne v. Umpqua Bank*,
   No. 11-6700, 2015 WL 1927342 (N.D. Cal. Apr. 28, 2015) ........................... 16

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ......................................................................................... 6

*In re Activision Sec. Litig.*,
   723 F. Supp. 1373 (N.D. Cal. 1989)................................................................ 4

*In re Am. Apparel, Inc. S'holder Litig.*,
   No. 2:10-CV-06352-MMM, 2014 WL 10212865 (C.D. Cal. July 28, 2014)..... 9

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) ................................................................. 4, 6, 13

*In re Capacitors Antitrust Litig.*,
   No. 14-cv-03264, 2018 WL 4790575 (N.D. Cal. Sept. 21, 2018) ................... 15

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD

*In re Equifax Inc. Customer Data Sec. Breach Litig.*,
    No. 1:17-MD-2800, 2020 WL 256132 (N.D. Ga. Mar. 17, 2020)..................... 7

*In re Heritage Bond Litigation*,
    2005 WL 1594389 (C.D. Cal. June 10, 2005).................................................8, 12

*In re Hyundai & Kia Fuel Econ. Litig.*,
    926 F.3d 539 (9th Cir. 2019) ............................................................................. 3

*In re Korean Air Lines Co., Ltd. Antitrust Litig.*,
    2013 WL 7985367 (C.D. Cal. Dec. 23, 2013)..................................................... 3

*In re Lenovo Adware Litig.*,
    No. 15-md-0624, 2019 WL 1791420 (N.D. Cal. April 24, 2019) ................... 15

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ........................................................................... 16

*In re Mercury Interactive Corp.*,
    618 F.3d 988 (9th Cir. 2010) ............................................................................. 4

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008).............................................................. 7

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d (service awards of $5,000) ............................................................... 17

*In re Pac. Enters. Secs. Litig.*,
    47 F.3d 373 (9th Cir. 1995) ............................................................................. 11

*In re Ring LLC Privacy Litig.*,
    No. CV 19-10899, 2024 WL 2845978 ............................................................. 14

*In re Toyota Unintended Acceleration Mktg., Sales Pracs,, & Prods. Liab. Litig.*,
    No. 8:10-ML-2151, 2013 WL 12327929 (C.D. Cal. July 24, 2012) ................. 8

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
    No. 3:15md-02672, 2017 WL 1047834 (N.D. Cal. Mar. 17, 2017)............... 13

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) .........................................................5, 9, 10, 14

*In re Yahoo! Inc. Customer Data Breach Litig.*,
    No. 16-MD-02752, 2020 WL 4212811 (N.D. Cal. July 22, 2020)................... 15

iv

*Kissel v. Code 42 Software Inc., et al*,
   2018 WL 6113078 (C.D. Cal. Feb. 20, 2018) .................................................. 15

*Knight v. Red Door Salons, Inc.*,
   No. 08–01520 SC, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ......................... 8

*Laffitte v. Robert Half Internat. Inc.*,
   1 Cal. 5th 480 (2016) ......................................................................................... 5

*Lee v. JPMorgan Chase & Co.*,
   No. 13-cv-511-JLS, 2015 WL 12711659 (C.D. Cal. Apr. 28, 2015)................ 11

*Lopez v. Youngblood*,
   No. CV-F-07-0474, 2011 WL 10483569 (E.D. Cal. Sep. 2, 2011) ................... 5

*Mejia v. Walgreen Co.*,
   WL 1122390 (E.D. Cal. Mar. 24, 2021) ........................................................... 12

*Nitsch v. DreamWorks Animation SKG Inc.*,
   No. 14-CV-04062-LHK, 2017 WL 2423161 (N.D. Cal. June 5, 2017)........... 15

*Rankin v. Am. Greetings, Inc.*,
   No. 2:10-CV-01831-GGH, 2011 WL 13239039 (E.D. Cal. July 6, 2011) ......... 5

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) ...................................................................... 7, 16

*Romero v. Producers Dairy Foods, Inc.*,
   No. 1:05-cv-0484-DLB, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) .......... 10

*Rutti v. Lojack Corp., Inc.*,
   No. SAVC 06-350 DOC, 2012 WL 3151077 (C.D. Cal. July 31, 2012).......... 15

*Singer v. Becton Dickinson Co.*,
   No. 08-CV-821-IEG (BLM), 2010 WL 2196104 (S.D. Cal. June 1, 2010) ..... 11

*Smith v. CRST Van Expedited, Inc.*,
   No. 10-CV-1116-IEG (WMC), 2013 WL 163293 (S.D. Cal. 2013) ............... 11

*Spann v. J.C. Penney Corp.*,
   211 F. Supp. 3d 1244 (C.D. Cal. 2016) ........................................................... 13

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ............................................................................. 3

v

*Stetson v. Grissom*,
    821 F.3d 1166 ................................................................................ 13

*Stuart v. Radioshack Corp.*,
    No. C-07-4499 EMC, 2010 WL 3155645 (N.D. Cal. Aug. 9, 2010) ............... 11

*Syed v. M-I, LLC*,
    2017 WL 3190341 (E.D. Cal. July 27, 2017) ..................................... 11

*Tait v. BSH Home Appliances Corp.*,
    2015 WL 4537463 (C.D. Cal. July 27, 2015) ...................................... 5

*Van Vranken v. Atlantic Richfield Co.*,
    901 F. Supp. 294 (N.D. Cal. 1995) .......................................... 13, 16

*Vincent v. Hughes Air W., Inc.*,
    557 F.2d 759 (9th Cir. 1977) ..................................................... 15

*Vinh Nguyen v. Radient Pharm. Corp.*,
    No. 11-cv-00406, 2014 WL 1802293 (C.D. Cal. May 6, 2014) ....................... 4

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 ................................................................... passim

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) .............................................................. 4

*Williams v. MGM-Pathe Comms. Co.*,
    129 F.3d 1026 (9th Cir. 1997) ................................................... 11

*Wing v. Asarco Inc.*,
    114 F.3d 986 (9th Cir. 1997) ..................................................... 9

*Wren v. RGIS Inventory Specialists*,
    No. 06-cv-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ............... 11

*Zepeda v. PayPal, Inc.*, No. 4:10-C,
    V-02500, 2017 WL 1113293 (N.D. Cal. Mar. 24, 2017) ........................... 8

**Rules**

Fed. R. Civ. P. 23(e) ............................................................. 3

Fed. R. Civ. P. 23(h) ............................................................. 3

vi

**<u>Other Authorities</u>**

*Manual for Complex Litigation,* § 27.71, 336 (4th ed. 2004)................................. 6

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD

## I.    INTRODUCTION

Counsel for Plaintiff negotiated a settlement resolving the claims of those approximately 32,964 individuals who had their personal identifiable information ("PII") compromised in a cyberattack on an Email Secure Gateway product that Defendant Barracuda Networks, Inc. ("Barracuda" or "Defendant") provided to Wescom Central Credit Union (the "Incident").[1]

The settlement negotiated on behalf of the Class Members provides for valuable relief to the Class in the form of cash reimbursement and credit monitoring. All Settlement Class Members may claim compensation, up to a total of $500.00, upon submission of a Claim Form and supporting documentation, for out-of-pocket monetary losses incurred as a result of the Incident, including, without limitation, unreimbursed losses relating to unreimbursed bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel; fees for credit reports, credit monitoring, or any other insurance product purchased between October 2022 and the date of the Claims Deadline. See Settlement Agreement ("SA") ¶ 51(i).

All Settlement Class Members are eligible to make a claim for compensation of up to 3 hours of lost time (at $20 per hour) spent dealing with the Incident, provided that the Settlement Class Member submits an attestation in the Claim Form affirming that the time was spent dealing with issues relating to the Incident. SA ¶ 51(ii).

Settlement Class Members will also be eligible for compensation up to $1,500 for proven Extraordinary Losses provided that (1) the loss is an actual, documented, and unreimbursed loss; (2) the loss was more likely than not caused

---

[1] To avoid burdening the Court with an additional recitation of the background of the litigation, Plaintiff incorporates by reference her Motion for Preliminary Approval of Class Action Settlement (ECF No. 50-1), pp. 2-7.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD

by the Incident; (3) the loss occurred during a specified period; and (4) the loss is not already covered by one or more of the other categories of settlement benefits, and the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance. SA ¶ 51(iii).

All Settlement Class Members shall be automatically provided with a 1-year membership of 3B credit monitoring with at least $1 million in fraud protection with a retail value of $19.99 a month.[2] The codes for the services will be sent with the Notice, and Settlement Class Members will not be required to file a formal claim to obtain this benefit, but rather will merely need to enroll and activate the service after the Effective Date. SA ¶ 51(iv).

Notice and Administrative Expenses, including the cost of Notice, will be paid by the Settlement Administrator and funded by Barracuda separate and apart from the relief made available to Settlement Class Members. S.A. ¶ 52.

Barracuda has also agreed to pay $125,000.00 in attorneys' fees and reasonable litigation costs and a $5,000 service award to Plaintiff, separate and apart from each of the foregoing benefits. SA ¶¶ 83-84. The amount of fees and costs or the service award ultimately awarded by the Court will not decrease or increase the benefits available to the Class.

This hard-struck bargain took considerable time, effort, and skill. To reach this result, Class Counsel committed extensive resources to investigating this case, interviewing potential plaintiffs, investigating, researching, and drafting the complaint, opposing and arguing the opposition to Defendant's motion to dismiss, engaging in written discovery, conducting months long settlement negotiations and the exchange of informal discovery, and negotiating the Settlement Agreement and securing preliminary approval.

---

[2] Identity Defense, *Complete* plan $19.99/month, https://identitydefense.com/cyex/#plan, CyEx (formerly Intersections, LLC d/b/a Pango Group).

The Settlement provides that Defendant will pay combined attorneys' fees and expenses, up to $125,000.00, separate and apart from all other benefits available to the Class. SA ¶ 83. Plaintiff now respectfully requests that the Court award Plaintiff's attorneys' fees and litigation expenses of $125,000, which is presumptively reasonable under either the percentage of the fund or using a lodestar cross-check.

The Settlement also provides that Defendant will pay a $5,000 service award to Plaintiff. SA ¶ 84. This amount is commensurate with Plaintiff's devotion to seeing the ligation through to conclusion, the risk she undertook, and the time she expended, and Courts routinely approve such amounts. *DeRosa v. ViacomCBS Inc.*, No. 2:20-cv-02965, 2024 WL 713739, at *2 (C.D. Cal. Feb. 21, 2024) ($20,000 service award); *DeCarlo v. Watermark Retirement Communities, LLC*, No. 2:23-cv-01659, 2025 WL 2111437, at *5 (C.D. Cal. July 23, 2025) (a $5,000 service is "modest, and well within the range approved by other courts within the Ninth Circuit."). The requested fee, expenses, and service award are reasonable and should be approved.

## II.    ARGUMENT

Federal Rule of Civil Procedure 23(h) permits the court to award reasonable attorney's fees and costs in class action settlements. Fed. R. Civ. P. 23(h). "Courts in this circuit determine attorney's fees in class actions using either the lodestar method or the percentage-of recovery method." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)). In deciding whether the requested fee amount is appropriate, the Court's role is to determine whether such amount is "'fundamentally fair, adequate, and reasonable.'" *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003) (quoting Fed. R. Civ. P. 23(e)). The percentage-of-the fund method is the prevailing practice in the Ninth Circuit. *In re Korean Air Lines Co., Ltd. Antitrust Litig.*, No. CV 07-05107 SJO AGRX, 2013 WL 7985367, at *1

3

(C.D. Cal. Dec. 23, 2013).

### A. The Requested Fee Amount is Reasonable Under the Percentage-of-Fund Method.

District courts may award attorneys' fees and costs where "'the successful litigants have created a common fund for recovery or extended substantial benefit to the class.'" *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 275 (1975)). Where counsel seeks fees from a common fund, courts have discretion to employ either the percentage-of-fund or the lodestar-multiplier method to determine whether the fee request is reasonable. See *In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 104849 (9th Cir. 2002); *Hanlon v. Chrysler Group*, 150 F.3d 1011, 1029 (9th Cir. 1998), overruled on other grounds by *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). Regardless of the chosen method, courts must award attorneys' fees based on an evaluation of "all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048.

Under the "percentage-of-the-fund" method, the "court simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee." *Hanlon*, 150 F.3d at 1029. Most courts have found the percentage approach superior in cases with a common-fund recovery because it (i) parallels percentage-based contingency fee contracts; (ii) aligns the lawyers' interests with that of the class; and (iii) reduces the burden on the court by eliminating the detailed and time-consuming lodestar analysis. *See In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1374–77 (N.D. Cal. 1989); *Vinh Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *9 (C.D. Cal. May 6, 2014) ("There are significant benefits to the percentage approach, including consistency with contingency fee calculations in the private market, aligning the lawyers' interests with achieving the highest award for the class members, and reducing the burden on the courts that a

4

complex lodestar calculation requires."); *Lopez v. Youngblood*, No. CV-F-07-0474, 2011 WL 10483569, at *3 (E.D. Cal. Sep. 2, 2011) (in common fund cases, the "percentage of the available fund analysis is the preferred approach in class action fee requests").

Indeed, "[t]here are significant benefits to the percentage approach, including consistency with contingency fee calculations in the private market," and "reducing the burden on the courts that a complex lodestar calculation requires." *Tait v. BSH Home Appliances Corp.*, 2015 WL 4537463, at *11 (C.D. Cal. July 27, 2015). And calculating attorneys' fees as a percentage-of-the-fund "aligns the interests of the counsel and the class, i.e., class counsel directly benefit from increasing the size of the class fund and working in the most efficient manner." *Lopez*, 2011 WL 10483569, at *3.

The lodestar method, in contrast, "is typically used when the relief obtained is 'not easily monetized.'" *Ahmed v. HSBC Bank United States*, 2019 WL 13027266, at *5–6 (C.D. Cal. Dec. 30, 2019). It also "inadequately responds to the problem of risk." *See In re Washington Pub. Power Supply Sys. Sec. Litig.,* 19 F.3d 1291, 1300 (9th Cir. 1994) (without the percentage-of-the-fund method of calculating fees, "very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing." (citation and internal quotation marks omitted)). And it discourages early resolution. *Laffitte v. Robert Half Internat. Inc.*, 1 Cal. 5th 480, 494 (2016) (the lodestar method creates a "financial incentive to extend the litigation"). The lodestar method is especially disfavored in evaluating fee requests where class counsel achieves an early settlement that provides significant pecuniary benefits to the class. See *Rankin v. Am. Greetings, Inc.*, No. 2:10-CV-01831-GGH, 2011 WL 13239039, at *2 (E.D. Cal. July 6, 2011) (explaining that "district courts within the Ninth Circuit have recognized that" even a "lodestar cross check need

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD

not be performed where plaintiff's counsel achieves a significant result through an early settlement").

Whether applying the lodestar or percentage method, "the most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); see *Bluetooth*, 654 F.3d at 942 ("Foremost among these considerations . . . is the benefit obtained for the class."); Federal Judicial Center, Manual for Complex Litigation ("MCL"), § 27.71, 336 (4th ed. 2004) ("[The] fundamental focus is on the result actually achieved for class members."). Under either approach, the requested award is reasonable.

## B. The Benefits Available to Class Members are Substantial

Class Counsel's efforts resulted in a meaningful Settlement. All Settlement Class Members, irrespective of whether they submit a claim, have received a code with the Short Form Notice that allows them to activate twelve months of three-bureau credit monitoring with at least $1 million in fraud protection. The product provided to each Settlement Class Member has a retail value of $19.99 a month, $239.88 per Settlement Class Member per year and $7,907,404.32 for the Settlement Class of 32,964.[3] The Settlement provides additional value, allowing Settlement Class Members to claim up to  up to a total of $500.00, upon submission of a Claim Form and supporting documentation, for out-of-pocket monetary losses, up to $60 in lost time (at $20 per hour), and up to $1,500 in extraordinary losses resulting from the Incident. Neither the payment of Settlement Administration Costs, nor the award of attorneys' fees, expenses, or the service award will diminish the relief available to the Class in any way as they are paid directly by Defendant, separate and apart from all other benefits.

The results achieved here are substantial, and support Class Counsels' fee request.

---

[3] Identity Defense, *Complete* plan $19.99/month, https://identitydefense.com/cyex/#plan, CyEx (formerly Intersections, LLC d/b/a Pango Group).

### 1. The litigation was risky, complex, and expensive

Risk is a critical factor in determining a fair fee award. *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046–47 (N.D. Cal. 2008) ("The risk that further litigation might result in Plaintiffs not recovering at all, particularly a case involving complicated legal issues, is a significant factor in the award of fees.") (citing *Vizcaino*, 290 F.3d at 1048).

Data breach cases are among the riskiest and most uncertain of all class actions and are innately complex. *See, e.g.*, *In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 1:17-MD-2800, 2020 WL 256132, at *32-33 (N.D. Ga. Mar. 17, 2020) (recognizing the complexity and novelty of issues in data breach class actions). This case is no exception. Defendant denies Plaintiff's allegations of wrongdoing, has competent and experienced counsel and will vigorously defend against continued litigation. It involves complicated and technical facts, highly skilled opposing counsel, and numerous contested issues on class certification and substantive defenses. There are substantial hurdles that Plaintiff would have had to overcome before trial.

Were litigation to proceed, there would be numerous expert reports and costly depositions. Establishing causation and damages on a class-wide basis is largely unchartered territory and full of uncertainty. Even if this Court had granted Plaintiff's motion for class certification, the inherent risks attendant to trying a data breach class action would have only magnified the difficult legal questions at issue. The Ninth Circuit recognizes the inherent risk that "[a] district court may decertify a class at any time." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *see also In re Omnivision Techs. Inc.*, 559 F. Supp. 2d 1036, 1041 (N.D. Cal. 2008) ("Even if the Court were to certify the class, there is no guarantee the certification would survive through trial, as Defendants might have sought decertification or modification of the class.") Although Plaintiff believes she would have prevailed, a verdict for the defense was entirely possible. To the extent the

7

law has accepted this relatively new type of litigation, the path to a class-wide monetary judgment remains unforged and the risks of the case ending entirely with Settlement Class Members receiving nothing remain high.

### 2. Class Counsel performed superior work to achieve the Settlement

"Courts have recognized that the 'prosecution and management of a complex national class action requires unique legal skills and abilities.'" *In re Toyota Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 8:10-ML-2151, 2013 WL 12327929, at *31 (C.D. Cal. July 24, 2012) (quoting *Knight v. Red Door Salons, Inc.*, No. 08–01520 SC, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009)). The "single clearest factor reflecting the quality of class counsels' services to the class are the results obtained." *In re Heritage Bond Litigation,* 2005 WL 1594389, *12 (C.D. Cal. June 10, 2005) (citations omitted). The results achieved are excellent.

In setting fee awards, courts also consider counsel's experience and skill. *Hanlon*, 150 F.3d at 1029. Class Counsel's skill and experience in complex litigation also favor the requested fee award here. The descriptions of the backgrounds of Class Counsel demonstrate that they are experienced in the highly specialized field of class actions, well credentialed, and equal to the difficult tasks at hand. *See generally* ECF No. 22. Class Counsel's fee request is commensurate with that experience, which they leveraged to procure the settlement. The skill demonstrated by Class Counsel in developing the complaint, briefing, arguing, and prevailing on Defendant's Motion to Dismiss, coordinating and developing the formal and informal discovery efforts, and negotiating and settling the action after significant litigation further supports the fees requested. *See Vizcaino*, 290 F.3d at 1050, n.5; *Zepeda v. PayPal, Inc.*, No. 4:10-CV-02500, 2017 WL 1113293, at *20 (N.D. Cal. Mar. 24, 2017) (class counsel's expertise allowed for a result that "would have been unlikely if entrusted to counsel of lesser experience or

capability" given the "substantive and procedural complexities" and the "contentious nature" of the settlement); *Allagas v. BP Solar Int'l, Inc*., No. 3:14-CV-00560-SI, 2016 WL 9114162, at *2 (N.D. Cal. Dec. 22, 2016) (class counsel being "highly experienced in prosecuting and settling complex class actions" factors in favor of approval).

Class Counsel were also equal to the skill of the lawyers representing Barracuda. *See In re Am. Apparel, Inc. S'holder Litig.*, No. 2:10-CV-06352-MMM, 2014 WL 10212865, at *22 (C.D. Cal. July 28, 2014) ("In addition to the difficulty of the legal and factual issues raised, the court should also consider the quality of opposing counsel as a measure of the skill required to litigate the case successfully.") (citing *Wing v. Asarco Inc*., 114 F.3d 986, 989 (9th Cir. 1997)). Defendant was represented in this case by a national, highly respected law firm Troutman Pepper Locke with significant resources and substantial experience. This factor, therefore, weighs in favor of the requested fee award.

### 3. Class Counsel worked on a contingent basis.

The Ninth Circuit has confirmed that a fair fee award must include consideration of the contingent nature of the fee. *See, e.g.*, *Vizcaino*, 290 F.3d at 1050. Courts long have recognized that the public interest is served by rewarding attorneys who assume representation on a contingent basis with fees that compensate them for the risk that they might be paid nothing at all. *See, e.g.*, *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994) ("Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless whether they win or lose."); *Vizcaino*, 290 F.3d at 1051 (observing courts reward class counsel in contingency cases "by paying them a premium over their normal hourly rates").

The potential of receiving little or no recovery weighs in favor of the

9

requested fee. *See In re Wash. Pub. Power*, 19 F.3d at 1299; *Ching v. Siemens Indus.*, No. 11-CV-04838-MEJ, 2014 WL 2926210, at *8 (N.D. Cal. June 27, 2014) ("Courts have long recognized that the public interest is served by rewarding attorneys who assume representation on a contingent basis with an enhanced fee to compensate them for the risk that they might be paid nothing at all for their work."); *Brown v. 22nd Dist. Agric. Ass'n*, No. 15-CV-02578-DHB, 2017 WL 3131557, at *8 (S.D. Cal. July 24, 2017) (recognizing that "class counsel was forced to forego other employment in order to devote necessary time to this litigation" and the substantial risk associated with taking the matter on a contingent basis warranted "an upward adjustment to the fee award").

Here, Defendant adamantly denies any wrongdoing, much less a legal entitlement to recovery. The path to establishing liability was particularly challenging. Class Counsel expended significant resources despite the genuine risk that they would never be compensated—not only in this litigation, but also with competing cases in other Districts that could have settled without Class Counsel foregoing that other work. Class Counsel prosecuted this matter on a purely contingent basis, agreeing to advance all necessary expenses and agreeing that they would only receive a fee if there was a recovery. Class Counsel have received no compensation or expenses reimbursement while litigating this case. Moreover, Class Counsel faced a Defendant with ample resources, represented by experienced counsel. The risk of non-recovery is sufficiently substantial to justify the instant fee request.

### 4. Fees awarded in comparable cases exceed those requested here.

Comparing the requested fees to awards in similar cases highlights the reasonableness of this application. "Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery." *Romero v. Producers Dairy*

*Foods, Inc.*, No. 1:05-cv-0484-DLB, 2007 WL 3492841, at *4 (E.D. Cal. Nov. 14, 2007) (quoting 4 Newberg and Conte, NEWBERG ON CLASS ACTIONS § 14.6 (4th ed. 2007)). "Under the percentage method, California has recognized that most fee awards . . . are 33 percent …." *Smith v. CRST Van Expedited, Inc.*, No. 10-CV-1116-IEG (WMC), 2013 WL 163293, at *5 (S.D. Cal. 2013). Federal courts in the Ninth Circuit routinely follow California's approach, awarding attorneys' fees of roughly one-third of the settlement fund.[4]

Here, the fee requested represents less than 1.58% of the settlement value, using only the value of the credit monitoring of $7,907,404.32 (The $239.88 annual value of Identity Guard Pro multiplied by 32,964 Class Members is $7,907,404.32). Settlement Class Members may also make claims for monetary reimbursement. Fee awards in comparable cases support the requested fee here.

### 5. The reaction of the Class supports the fee request.

The current amount of objections or disapproval by class members to Class

---

[4] *See, e.g.*, *In re Pac. Enters. Secs. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming 33% award); *Williams v. MGM-Pathe Comms. Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) (same); *DeRosa*, 2024 WL 713739, at *3 (awarding one-third); *Syed v. M-I, LLC*, No. 1:12-cv-1718-DAD-MJS, 2017 WL 3190341, at *8 (E.D. Cal. July 27, 2017) (awarding one-third); *Dearaujo v. Regis Corp.*, No. 2:14-cv-01408-KJM-DB2017, 2017 WL 3116626, at *13 (E.D. Cal. July 21, 2017) (awarding one-third); *Bennett v. SimplexGrinnell LP*, No. 11-cv-1854-JST, ECF No. 278, at 11 (N.D. Cal. Sept. 3, 2015) (awarding 38.8%); *Lee v. JPMorgan Chase & Co.*, No. 13-cv-511-JLS, 2015 WL 12711659, at *8-9 (C.D. Cal. Apr. 28, 2015) (awarding one-third); *Boyd v. Bank of Am. Corp.*, No. SACV 13–0561–DOC (JPRx), 2014 WL 6473804, at *10-11 (C.D. Cal. Nov. 18, 2014) (same); *Burden v. Select Quote Ins. Servs.*, No. C 10-5966 LB, 2013 WL 3988771, at *5 (N.D. Cal. Aug. 2, 2013) (same); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 454 (E.D. Cal. 2013) (same); *Franco v. Ruiz Food Prods., Inc.*, No. 1:10-cv-02354-SKO, 2012 WL 5941801, at *25 (E.D. Cal. Nov. 27, 2012) (same); *Garcia v. Gordon Trucking, Inc.*, No. 1:10-cv-324-AWI-SKO, 2012 WL 5364575, at *11 (E.D. Cal. Oct. 31, 2012) (same); *Singer v. Becton Dickinson Co.*, No. 08-CV-821-IEG (BLM), 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (awarding 33% and citing two prior, similar Southern District awards); *Stuart v. Radioshack Corp.*, No. C-07-4499 EMC, 2010 WL 3155645, at *8 (N.D. Cal. Aug. 9, 2010) (awarding one-third); *Fernandez v. Victoria's Secret Stores, LLC*, No. CV 06-04149 MMM, 2008 WL 8150856, at *16 (C.D. Cal. July 21, 2008) (awarding 34%); *Aguilar v. Wawona Frozen Foods*, No.1:15-cv-00093-DAD-EPG, 2017 WL 2214936, at *9 (E.D. Cal. May 19, 2017) (awarding 33%); *Emmons v. Quest Diagnostics Clinical Labs, Inc.*, No. 1:13-cv00474-DAD-BAM, 2017 WL 749018, at *9 (E.D. Cal. Feb. 24, 2017) (awarding 33%); *Wren v. RGIS Inventory Specialists*, No. 06-cv-05778 JCS, 2011 WL 1230826, at *27-28 (N.D. Cal. Apr. 1, 2011) (awarding 42%).

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD

Counsel's fee request further supports the Court finding that the fee request is reasonable. *See In re Heritage*, 2005 WL 1594389, at *15. As of the filing of this motion, the Settlement Administrator has received no objections to the Settlement or the attorneys' fee award or service award and only a single Class Member has submitted a request for exclusion. This is true even though the amount of fees Class Counsel intended to request was publicized in the notice to the Class. *See* SA Exh. C, § 10.

### C. A Lodestar Cross-check Confirms the Reasonableness of the Fees Requested

Application of the lodestar method as a cross-check—or as a preliminary method of calculating fees—confirms the reasonableness of the requested fees. *See Vizcaino*, 290 F.3d at 1050-51 ("Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award."). The accompanying declaration of Class Counsel sets forth the hours of work and billing rates used to calculate the lodestar here. Class Counsel and staff have devoted a total of approximately 102.3 hours and have a total lodestar to date of $72,947.60. Nelson Decl. ¶ 10. Class Counsel has also incurred reasonable ligation expenses of $885.21. *Id*. ¶ 16. The fee and expense request of $125,000 represents a 1.69 multiplier on Class Counsel's lodestar and costs incurred to date. Additional time will be spent monitoring the settlement administration, preparing the final approval motion, and appearing at the hearing. Courts in the Ninth Circuit routinely approve similar and much higher multipliers. *Mejia v. Walgreen Co.*, No. 2:19-CV-00218 WBS AC, 2021 WL 1122390, at *8 (E.D. Cal. Mar. 24, 2021) (discussing court approval of lodestar multipliers from 2.0 to 4.5 and noting that multipliers "between 3 and 4.5 have become more common") (citations omitted). Plaintiffs' Counsel's time was reasonable and necessary for the prosecution of this action.

A court may reduce or enhance the lodestar figure based on "a host of 'reasonableness' factors, 'including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment.'" *Bluetooth*, 654 F.3d at 942 (quoting *Hanlon,* 150 F.3d at 1029). "The district court must apply a risk multiplier to the lodestar 'when (1) attorneys take a case with the expectation they will receive a risk enhancement if they prevail, (2) their hourly rate does not reflect that risk, and (3) there is evidence the case was risky.' Failure to apply a risk multiplier in cases that meet these criteria is an abuse of discretion." *Stetson*, 821 F.3d at 1166.

The requested multiplier of 1.69 is modest and in line with other Settlements and more than merited given the excellent results obtained on a contingency basis in this complex case. See, e.g., *Vizcaino*, 290 F.3d at 1051 & Appendix (approving 3.65 multiplier and citing cases with multipliers as high as 19.6); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 3:15md-02672, 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) ("'Multipliers in the 34 range are common in lodestar awards for lengthy and complex class action litigation.'") (quoting *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 29899 (N.D. Cal. 1995)); *Craft v. County of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 2008) (upholding a multiplier of approximately 5.2, and citing cases in support); *Spann v. J.C. Penney Corp.*, 211 F. Supp. 3d 1244, 1265 (C.D. Cal. 2016) ("Counsel's lodestar yields a 3.07 multiplier, which is well within the range for reasonable multipliers.").

### 1. Class Counsel's hourly rates are reasonable.

In assessing an attorney's hourly rate, courts consider whether the rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). Courts apply each biller's current rates for all work

13

performed, regardless of when the work was performed, to compensate for the delay in payment. *In re Wash. Pub. Power*, 19 F.3d at 1305.

Class Counsel here are experienced, highly regarded members of the bar. They have brought to this case extensive experience in consumer class actions and complex litigation. Nelson Decl. ¶ 2. Class Counsels' customary rates are in line with prevailing rates in this District, have been approved by courts in this District and other courts, and are in line with the rates charged by contemporaries in the data breach bar. *Id.* ¶¶ 11-13; *see also In re Ring LLC Privacy Litig.*, No. CV 19-10899, 2024 WL 2845978, at * (C.D. Cal. May 28, 2024) (finding hourly rates up to $1,200 per hour reasonable).

### 2. The number of hours Class Counsel devoted to the case was reasonable.

The number of hours that Class Counsel has billed is reasonable. *See Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1028 (9th Cir. 2000) (counsel entitled to recover for all hours reasonably expended). Class Counsel expect to maintain a high level of involvement in this case and will continue to incur significant amounts of time given the future work still needed, including: preparing the final approval motion, attending the final approval hearing, responding to any requests for exclusion or objections and filing any replies in support of final approval, and addressing any appeals. To date, Plaintiff's Counsel has spent 102.3 hours for a lodestar total of $72,947.60 prosecuting this matter on behalf of Plaintiff and the Settlement Class. Nelson Decl. ¶ 10. This time was spent researching and drafting the initial complaint, responding in opposition to and arguing Defendant's motion to dismiss Plaintiff's complaint, drafting and propounding written discovery and engaging in informal discovery efforts, negotiating the settlement and the finer points of the settlement agreement, working with the Settlement Administrator to effect and oversee the notice program, and drafting the preliminary approval papers in addition to the instant motion.

### D. Class Counsel Litigation Expenses Are Reasonable.

"In common fund cases, the Ninth Circuit has stated that the reasonable expenses of acquiring the fund can be reimbursed to counsel who has incurred the expense." *Nitsch v. DreamWorks Animation SKG Inc*., No. 14-CV-04062-LHK, 2017 WL 2423161, at *13 (N.D. Cal. June 5, 2017) (citing *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977)). The appropriate analysis in deciding which expenses are compensable is whether the costs are of the type typically billed to paying clients in the marketplace. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir.1994). "Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *Kissel*, 2018 WL 6113078, at *6. "Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable." *Rutti v. Lojack Corp., Inc.*, No. SAVC 06-350 DOC, 2012 WL 3151077, *12 (C.D. Cal. July 31, 2012).

Here, Settlement Class Counsel request reimbursement of expenses of $885.21 inclusive of the $125,000 fee award. Nelson Decl. ¶¶ 16-18. Settlement Class Counsels' out-of-pocket costs were necessary to the prosecution of the action and are particularly reasonable given the complexities of this case. Such costs are regularly billed to clients in hourly fee cases, and routinely awarded in contingency fee cases. *See, e.g.*, *In re Yahoo! Inc. Customer Data Breach Litig*., No. 16-MD-02752, 2020 WL 4212811, at *42 (N.D. Cal. July 22, 2020) (approving reimbursement of expenses similar to those requested here); *In re Capacitors Antitrust Litig*., No. 14-cv-03264, 2018 WL 4790575, at *6 (N.D. Cal. Sept. 21, 2018) ("Reasonable reimbursable litigation expenses include: those for document production, experts and consultants, depositions, translation services, travel, mail and postage costs.") (citations omitted); *In re Lenovo Adware Litig*., No. 15-md-0624, 2019 WL 1791420, at *9 (N.D. Cal. April 24, 2019) (reimbursing counsel's

"professional service fees (experts, investigators, accountants), travel fees, and discovery-related fees").

### E. The $5,000 Service Award is Reasonable.

Class Counsel also requests that the Court approve a service award of $5,000 for the Class Representative, Priscilla Wall. Service awards are typical in class actions, and "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp*., 563 F.3d 948, 958-59 (9th Cir. 2009).

Plaintiff took a risk by publicly associating herself with this litigation and personally expended considerable effort on behalf of the Class by, *inter alia*, (1) meeting with Class Counsel; (2) assisting with investigation of the facts; (3) reviewing the complaint; (4) preparing to respond to Defendant's written discovery, and (4) consulting with Class Counsel during the litigation and settlement negotiations. Her commitment to the Class's interests and desire to remedy these issues for the entire Class, were essential to the successful prosecution of this action and warrants recognition in the form of the service award requested. Nelson Decl. ¶ 19. Her commitment is notable given the modest size of their personal financial stakes in the matter. *See Van Vranken v. Atlantic Richfield Co*., 901 F. Supp. 294, 299 (N.D. Cal. 1995) ("In exchange for his participation, [named plaintiff] will not receive great personal benefit. He owns a moderately sized truck stop and his claim makes up only a tiny fraction of the common fund.").

The $5,000 service award sought here is in line with the amounts awarded in comparable cases. *See, e.g.*, *Hawthorne v. Umpqua Bank*, No. 11-6700, 2015 WL 1927342, at *8 (N.D. Cal. Apr. 28, 2015) ("Many courts in the Ninth Circuit have also held that a $5,000 incentive award is 'presumptively reasonable.'") (citation omitted); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 457, 463 (9th

16

Cir. 2000) (service awards of $5,000); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 943 (service awards of $5,000); *see also Fulford v. Logitech, Inc.*, No. 08-CV-02041 MMC, 2010 WL 807448, at *3 n.1 (N.D. Cal. Mar. 5, 2010) (collecting cases awarding incentive payments ranging from $5,000 to $40,000).

In light of the Class Representative's commitment to the Settlement Class, the $5,000 Service Award is modest and reasonable.

## III.    CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant the instant motion for entry of an Order approving Class Counsel's request for: (i) an attorneys' fees and expense reimbursement award in the amount of $125,000 and (ii) payment of incentive awards of $5,000 to the Class Representative.

Date: November 24, 2025                    Respectfully Submitted,

                                            */s/ John J. Nelson*
                                           John J. Nelson (SBN 317598)
                                           **MILBERG, PLLC**
                                           280 S. Beverly Drive - Penthouse
                                           Beverly Hills, CA 90212
                                           Telephone: (858) 209-6941
                                           jnelson@milberg.com

                                           *Attorney for Plaintiff and the Settlement Class*

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD

**Certificate of Compliance Pursuant to L.R. 11-6.2**

The undersigned, counsel of record for Plaintiff and the Settlement Class, certifies that this brief contains 5,420 words, which complies with the word limit of L.R. 11-6.1.

Date: November 24, 2025                    Respectfully Submitted,

                                    */s/ John J. Nelson*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 24, 2025 the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

                                    */s/ John J. Nelson*
                                    John J. Nelson (SBN 317598)

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD