John J. Nelson (SBN 317598)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
280 S. Beverly Drive, Penthouse
Beverly Hills, CA 90212
Telephone: (858) 209-6941

*Counsel for Plaintiff and the Settlement Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA WALL, individually and on behalf of all others similarly situated,<br><br>                    PLAINTIFF,<br><br>        vs.<br><br>WESCOM CENTRAL CREDIT UNION and BARRACUDA NETWORKS, INC.,<br><br>                    DEFENDANTS. | Case No.  5:23-cv-02293-CAS-SHK<br><br>(Assigned to Hon. Christina A. Snyder)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT** |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................iv

I.      INTRODUCTION ..........................................................................................1

II.     BACKGROUND AND PROCEDURAL HISTORY .....................................1

III.    THE SETTLEMENT TERMS........................................................................1

    A.      The Settlement Class........................................................................1

    B.      Settlement Benefits .........................................................................2

        1.  Monetary Benefits .....................................................................2

        2.  Class Notice and Settlement Administration .........................3

        3.  Attorneys' Fees and Expenses and Service Award to Plaintiff ...........5

        4.  Release........................................................................................6

IV.     LEGAL ARGUMENT.....................................................................................6

    A.      The Court Should Certify the Class for Settlement Purposes.................6

        1.  The Rule 23(a) Requirements Are Met for Purposes of Settlement....6

        2.  The Requirements of Rule 23(b)(3) Are Met for Purposes of Settlement ........................................................................................8

    B.      The Court Should Finally Approve the Settlement .............................10

        1.  The Strength of Plaintiffs' Case and the Risk, Expense, Complexity, and Likely Duration of Further Litigation ..........................................11

        2.  The Risk of Maintaining Class Action Status Through Trial............12

        3.  Amount Offered in Settlement.........................................................12

        4.  The Extent of Discovery Completed and the Stage of Proceedings..13

        5.  The Experience and Views of Counsel.............................................13

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No.  5:23-cv-02293-CAS-SHK

-ii-

6.    The Reaction of the Class Members to the Proposed Settlement......14

7.    The Settlement Treats Class Members Equitably.............................14

V.    CONCLUSION ..............................................................................................15

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No.  5:23-cv-02293-CAS-SHK

-iii-

1

## **TABLE OF AUTHORITIES**

2
__Cases__                                                                    __Page(s)__

3
*Adkins v. Facebook, Inc.*,
4
   424 F. Supp. 3d 686 (N.D. Cal. 2019)..................................................12

5
*Amchem Prods. v. Windsor*,
6
   521 U.S. 591 (1997) ............................................................... 6, 8, 9

7
*Capaci v. Sports Rsch. Corp.*,
8
   2022 WL 1133818 (C.D. Cal. Apr. 14, 2022)......................................8

9
*Chester v. TJX Cos.*,
10
   2017 WL 6205788 (C.D. Cal. Dec. 5, 2017)......................................12

11
*Chua v. City of L.A.*,
12
   2017 WL 10776036 (C.D. Cal. May 25, 2017)...................................9

13
*Dennis v. Kellogg Co.*,
14
   2013 WL 6055326 (S.D. Cal. Nov. 14, 2013)....................................11

15
*Ellis v. Costco Wholesale Corp.*,
16
   657 F.3d 970 (9th Cir. 2011)....................................................6, 8

17
*Forcellati v. Hyland's, Inc.*,
18
   2014 U.S. Dist. LEXIS 50600 (C.D. Cal. Apr. 9, 2014).......................7

19
*Franklin v. Kaypro Corp.*,
20
   884 F.2d 1222 (9th Cir. 1989)...................................................11

21
*Gregorson v. Toshiba America Business Solutions, Inc.*,
22
   2025 WL 2671589 (C.D Cal. 2025)...............................................10

23
*Hanlon v. Chrysler Corp*,
24
   150 F.3d, 1011 (9th Cir. 1998)...................................................8

25
*Hashemi v. Bosley*,
26
   2022 WL 2155117 (C.D. Cal. 2022)..............................................10

27
*Hillman v. Lexicon Consulting, Inc.*,
28
   2017 WL 10434013 (C.D. Cal. Oct. 12, 2017)..................................13

*Holly v. Alta Newport Hospital, Inc.*,
    2020 WL 1853308 (C.D. Cal. April 10, 2020).......................................6

*In re Anthem, Inc. Data Breach Litig.*,
    327 F.R.D. 299 (N.D. Cal. 2018) ................................................ 11, 12

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) .....................................................11

*In re Corrugated Container Antitrust Litig.*,
    643 F.2d 195 (5th Cir. 1981) .....................................................13

*In re Google LLC St. View Elec. Communs. Litig.*,
    2020 WL 1288377 (N.D. Cal. Mar. 18, 2020).....................................7

*In re Hyundai & Kia Fuel Econ. Litig.*,
    926 F.3d 539 (9th Cir.2019) ......................................................7

*In re MRV Commus., Inc. Derivative Litig.*,
    2013 WL 2897874 (C.D. Cal. June 6, 2013).......................................12

*In re Premera Blue Cross Customer Data Sec. Breach Litig.*,
    2019 WL 3410382 (D. Or. July 29, 2019) ........................................7

*In re Tableware Antitrust Litig.*,
    484 F. Supp. 2d  1078 (N.D. Cal. 2007)..........................................14

*Just Film, Inc. v. Buono*,
    847 F.3d 1108 (9th Cir. 2017) ....................................................7

*Keegan v. Am. Honda Motor Co*,
    284 F.R.D. 504 (C.D. Cal. 2012)..................................................9

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234 (9th Cir. 1998) ....................................................13

*Longest v. Green Tree Servicing LLC*,
    308 F.R.D. 310 (C.D. Cal. 2015)..................................................8

*Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004)..................................................14

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No.  5:23-cv-02293-CAS-SHK

*Paz v. AG Adriano Goldschmeid, Inc.*,
   2016 WL 4427439 (S.D. Cal. Feb. 29, 2016) ......................................12

*Rannis v. Recchia*,
   380 Fed. App'x 646 (9th Cir. 2010) ......................................6

*Reynoso v. All Power Mfg. Co.*,
   2018 WL 5906645 (C.D. Cal. Apr. 30, 2018) ......................................9

*Tyson Foods, Inc. v. Bouaphakeo*,
   136 S. Ct. 1036 (2016) ......................................9

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ......................................7

*Zinser v. Accufix Rsch. Inst., Inc.*,
   253 F.3d 1180 (9th Cir. 2001) ......................................8

**<u>Statutes</u>**

Class Action Fairness Act, 28 U.S.C.A. § 1332 (West) ......................................5

**<u>Rules</u>**

Fed. R. Civ. P. 23 ......................................6, 12

Fed. R. Civ. P. 23(a) ......................................6, 8

Fed. R. Civ. P. 23(a)(1) ......................................6

Fed. R. Civ. P. 23(a)(3) ......................................7

Fed. R. Civ. P. 23(a)(4) ......................................8

Fed. R. Civ. P. 23(e) ......................................14

Fed. R. Civ. P. 23(b)(1) ......................................8

Fed. R. Civ. P. 23(b)(2) ......................................8

Fed. R. Civ. P. 23(b)(3) ......................................8, 9, 10, 12

## <u>Other Authorities</u>

*4 Newberg on Class Actions*, § 11:48 (4th ed. 2002) ................................................14

*Manual for Complex Litig.*, § 21.632 (4th ed. 2004) .................................................6

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No.  5:23-cv-02293-CAS-SHK

-vii-

## I.    <u>INTRODUCTION</u>

Plaintiff Priscilla Wall, through her undersigned counsel, respectfully moves this Court for entry of an order granting final approval to the Settlement memorialized in the Settlement Agreement ("SA") (ECF No. 50-3),[1] that, if approved, will resolve this class action lawsuit. The parties filed the SA together with Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 50) on August 29, 2025. Following the hearing on Plaintiff's Motion for Preliminary Approval of Class Action Settlement the Court granted preliminary approval. ECF No. 53 (the "PAO"). Notice was issued to the preliminarily certified Settlement Class ("Class") as directed by the Court in the PAO.

This settlement—which makes available to every Class Member ("Class Member") considerable monetary relief—represents an excellent resolution of this high-risk and complex Litigation. This Court should now finally certify the Class for settlement purposes only, and finally approve the settlement as fair, reasonable, and adequate.

## II.    <u>BACKGROUND AND PROCEDURAL HISTORY</u>

In the interest of judicial efficiency, for factual and procedural background on this case, Plaintiff refers this Court to and hereby incorporates Plaintiff's Memorandum in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement and Plaintiff's Motion for Award of Attorneys' Fees, Expenses, and Service Award. ECF Nos. 50, 54.

## III.    <u>THE SETTLEMENT TERMS</u>

### A.    **The Settlement Class**

The Settlement provides relief for the following Class: All individuals who may have had Private Information potentially compromised as a result of the Incident,

---

[1] Unless otherwise indicated, the defined terms herein shall have the same definition as set forth in the Settlement Agreement.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No.  5:23-cv-02293-CAS-SHK

and who were provided notice of the Incident by Wescom." SA ¶ 44. The Class consists of approximately 32,964 individuals. SA ¶ 2. Excluded from the Settlement Class are: (1) the judge presiding over the Action and members of her direct family, and the court personnel working on the Action, including the Court personnel's direct family members, (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or Defendant's parent companies have a controlling interest and their current or former officers and directors, (3) Wescom Central Credit Union, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Wescom or Wescom's parent companies have a controlling interest and their current or former officers and directors, and (4) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline. *Id.*

The Court granted provisional certification of the Class for settlement purposes only in its PAO. ECF No. 53.

### B.    Settlement Benefits

#### 1.    Monetary Benefits

Settlement Class Members may choose any or all applicable categories of compensation subject to the requirements and limitations set forth below. The overall compensation cap for any individual for all amounts claimed for Ordinary Losses and Lost Time is $500. SA ¶ 51. To submit a claim, a Class Member needs only submit a Claim Form prior to the Claim Deadline. SA ¶¶ 14, 15, Ex. A.

All Settlement Class Members may claim compensation, up to a total of $500.00, upon submission of a Claim Form and supporting documentation, for out-of-pocket monetary losses incurred as a result of the Incident, including, without limitation, unreimbursed losses relating to unreimbursed bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only

---

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No.  5:23-cv-02293-CAS-SHK

if charged based on the amount of data used), postage, or gasoline for local travel; fees for credit reports, credit monitoring, or any other insurance product purchased between October 2022 and the date of the Claims Deadline. SA ¶ 51(i).

All Settlement Class Members are eligible to make a claim for compensation of up to 3 hours of lost time (at $20 per hour) spent dealing with the Incident, provided that the Settlement Class Member submits an attestation in the Claim Form affirming that the time was spent dealing with issues relating to the Incident. SA ¶ 51(ii).

Settlement Class Members will also be eligible for compensation up to $1,500 for proven Extraordinary Losses provided that (1) the loss is an actual, documented, and unreimbursed loss; (2) the loss was more likely than not caused by the Incident; (3) the loss occurred during a specified period; and (4) the loss is not already covered by one or more of the other categories of settlement benefits, and the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance. SA ¶ 51(iii).

All Settlement Class Members shall be automatically provided with a 1-year membership of 3B credit monitoring with at least $1 million in fraud protection through Instersections, LLC d/b/a Pango Group. The codes for the services will be sent with the Notice, and Settlement Class Members will not be required to file a formal claim to obtain this benefit, but rather will merely need to enroll and activate the service after the Effective Date. SA ¶ 51(iv).

Notice and Administrative Expenses, including the cost of Notice, will be paid by the Settlement Administrator and funded by Barracuda separate and apart from the relief made available to Settlement Class Members. S.A. ¶ 52.

### 2. Class Notice and Settlement Administration

The Parties agreed to use RG/2 Claims Administration ("Settlement

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No.  5:23-cv-02293-CAS-SHK

-3-

Administrator") to oversee the administration of the Settlement and Notice and Administrative Expenses will be paid by Defendant separate and apart from all other Settlement benefits. *Id.* ¶ 52. On October 29, 2025 Notice was given to the Class via individual notice, sent by first-class mail. Declaration of Tina Chiango In Support of Motion for Final Approval ¶ 6 ("Admin Decl."). The initial class list files contained a total of 32,963 records with names and addresses which RG/2 submitted to the National Change of Address ("NCOA") database and updated any new addresses obtained from NCOA. *Id*. ¶ 5. Of the 32,963 Short Form Notices mailed, a total of 2,163 were returned by the USPS as undeliverable. *Id*. ¶ 7. Of those returned, 151 contained a forwarding address, which RG/2 Claims used to immediately re-mail those Short Form Notices. *Id*. RG/2 Claims performed address verification searches (also referred to as "skip tracing") for those returned as undeliverable without a forwarding address. *Id*. Re-mails were sent to 1,443 Settlement Class Members via U.S. First Class mail at the updated addresses located via skip tracing. *Id*. After these efforts, 569 remained undeliverable. *Id*. Based on this information, the Short Form Notice has reached 99.6% of the Class. *Id*.

RG/2 Claims also created the Settlement Website, which went live on October 27, 2025 and Settlement Class Members were provided a toll-free number of 866-742-4955 where they could speak to a live operator during regular business hours or leave a message for a call back, as well as a settlement email address where Settlement Class Members could contact RG/2 Claims with any questions or concerns. *Id*. ¶¶ 8-9.

The deadline to submit a request for exclusion from the Settlement is January 27, 2026. To date, RG/2 Claims has received one (1) request for exclusion from a Settlement Class Member. *Id*. ¶ 10, Exh. C. The deadline to object to the Settlement is January 27, 2026 and to date, RG/2 Claims has not received or been made aware

---

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No.  5:23-cv-02293-CAS-SHK

of any objections to the Settlement. *Id.* ¶ 11.

The deadline to submit a claim for Settlement Benefits is also January 27, 2026. *Id.* ¶ 12. With more than a month left to submit a claim, RG/2 has received a total of 384 Claim Forms from Settlement Class Members. *Id.* The 384 claims received so far yield in a claims rate of approximately 1.16%, which, to date, is higher than the range of claims rates in other data breach class action settlements within this Circuit. *See e.g.*, *Corona v. Sony Pictures Entertainment, Inc.*, No. 2:14-cv-9600 (C.D. Cal.) ECF Nos. 145-1 at 11 n.8 & 164 at 2 (Claims rate of 0.7%)

As required by the Class Action Fairness Act ("CAFA"), on September 10, 2025, RG/2 Claims caused to be served by First-Class mail, a Notice of Proposed Settlement to the United States Attorney General and 51 State Attorney Generals. RG/2 has received no objections or other responses from any Attorneys General. Admin Decl. ¶ 4.

### 3. Attorneys' Fees and Expenses and Service Award to Plaintiff

Under the terms of the Settlement Agreement, Class Counsel moved the Court for an award of attorneys' fees to be paid by Defendant separate and apart from the Settlement Benefits of up to One Hundred and Twenty-Five Thousand Dollars ($125,000.00), which is inclusive of costs and expenses actually incurred. SA ¶ 83. Plaintiff also moved the Court for a reasonable service award of $5,000 to Plaintiff, in recognition of her efforts on behalf of the Class. *Id.* at ¶ 84. The fee and expense request of $125,000 represents a 1.69 multiplier on Class Counsel's lodestar and costs incurred as of the filing of the Motion for Attorneys' Fees and does not account for all subsequent work to be done by Class Counsel up and through the Final Approval Hearing. ECF No. 54-1, at 12. Class Counsel has also incurred a total of $885.21 in litigation expenses for which they are seeking reimbursement. *Id.*

---

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No. 5:23-cv-02293-CAS-SHK

### 4.  Release

Upon entry of the Final Approval Order, Plaintiff and the Class will be deemed to release, acquit, and forever discharged Defendant and the Released Parties from all Released Claims. SA ¶ 80. Released Claims do not include the claims of individuals who have timely excluded themselves from the Class. *Id.* ¶ 44.

## IV.  <u>LEGAL ARGUMENT</u>

### A.  The Court Should Certify the Class for Settlement Purposes

Before assessing the parties' settlement, the Court should first confirm the underlying Class meets the requirements of Rule 23. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997); MANUAL FOR COMPLEX LITIG. § 21.632 (4th ed. 2004). The requirements are well known: numerosity, commonality, typicality, and adequacy—each of which is met here. Fed. R. Civ. P. 23(a); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011). The Court found the Class met these requirements in its PAO and provisionally certified the Class for settlement purposes. *See* PAO. Plaintiff respectfully submits that the Court's original assessment was correct and it should now certify the Class for settlement purposes.

#### 1.  The Rule 23(a) Requirements Are Met for Purposes of Settlement

Courts find numerosity where there are so many class members as to make joinder impracticable.  *See* Fed. R. Civ. P. 23(a)(1). Courts will find numerosity is satisfied where a class includes at least 40 members. *Holly v. Alta Newport Hospital, Inc.,* 2020 WL 1853308, at *7 (C.D. Cal. April 10, 2020) (*citing Rannis v. Recchia,* 380 Fed. App'x 646, 651 (9th Cir. 2010)). Numbering approximately 32,964 individuals, the proposed Settlement Class easily satisfies Rule 23's numerosity requirement.. *See* Fed. R. Civ. P. 23(a)(1). The Class also satisfies the commonality requirement, which requires class members' claims "depend upon a common contention" of such a nature that "determination of its truth or falsity will resolve an

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No.  5:23-cv-02293-CAS-SHK

-6-

issue that is central to the validity of each [claim] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, as in most data breach cases, courts in the Ninth Circuit have found that these common issues all center around Defendant's alleged misconduct, and in particular, satisfying the commonality requirement. *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 2019 WL 3410382, at *10 (D. Or. July 29, 2019). For the same reason, predominance is readily met "where the class is a 'cohesive group of individuals [who] suffered the same harm in the same way because of the [defendant's] conduct.'" *In re Google LLC St. View Elec. Communs. Litig.*, 2020 WL 1288377, at *5 (N.D. Cal. Mar. 18, 2020) (quoting *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 559 (9th Cir. 2019)). Thus, common questions include, among many, whether Defendant engaged in the wrongful conduct alleged; whether Class Members' personal information was compromised during the Incident; whether Defendant owed a duty to Plaintiff and Class Members and breached its duty; and whether Class Members suffered injury as a result of the Incident.

Typicality and adequacy are also easily met for purposes of settlement. Plaintiff's claims are typical of the proposed Class because they are based on Defendant's alleged failure to protect Plaintiff's and Class Members' PII and are therefore "reasonably coextensive with those of the absent class members." *See* Fed. R. Civ. P. 23(a)(3); *Forcellati v. Hyland's, Inc.*, 2014 U.S. Dist. LEXIS 50600, at *31 (C.D. Cal. Apr. 9, 2014) (finding plaintiffs' claims were reasonably co-extensive with those of absent class members). Plaintiff alleges that her PII was compromised, and that Defendant's same allegedly poor data security practices caused her the same injury that the Class suffered. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017) ("[I]t is sufficient for typicality if the plaintiff endured a course of conduct directed against the class.").

---

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No.  5:23-cv-02293-CAS-SHK

Plaintiff is also an adequate class representative because (1) there are no antagonistic or conflicting interests between Plaintiff and her counsel and the absent Class Members; and (2) Plaintiff and her counsel will vigorously prosecute the action on behalf of the Class. Fed. R. Civ. P. 23(a)(4); *see also Ellis*, 657 F.3d at 985 (citing *Hanlon v. Chrysler Corp*, 150 F.3d, 1011, 1020 (9th Cir. 1998); *Longest v. Green Tree Servicing LLC*, 308 F.R.D. 310, 325 (C.D. Cal. 2015). Plaintiff has no conflicts of interest with other Class Members, is not subject to unique defenses, and she and her counsel have and continue to vigorously prosecute this case on behalf of the Class. Plaintiff is a member of the Class who has experienced the same injuries and seeks, like other Class Members, compensation. As such, Plaintiff's and Class Counsel's interests align with those of the Class. Thus, Plaintiff will adequately protect the interests of the Class.

## 2. The Requirements of Rule 23(b)(3) Are Met for Purposes of Settlement

In addition to meeting the conditions imposed by Rule 23(a), parties seeking class certification must also show that the action is maintainable under FRCP 23(b)(1), (2) or (3). *See Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Here, Plaintiff alleges that the Class is maintainable for purposes of settlement under Rule 23(b)(3), as common questions predominate over any individual questions and class resolution is superior to other available methods for a fair and efficient resolution of the controversy. *Hanlon*, 150 F.3d at 1022.

Common questions of law and fact predominate over individualized questions. "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Capaci v. Sports Rsch. Corp.*, 2022 WL 1133818, at *9 (C.D. Cal. Apr. 14, 2022) (citing *Amchem Prods.*, 521 U.S. at 623). Courts analyze whether a prima facie showing of liability can be proved by common evidence or whether this showing varies from member to

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No. 5:23-cv-02293-CAS-SHK

-8-

member. *Reynoso v. All Power Mfg. Co.*, 2018 WL 5906645, at *3 (C.D. Cal. Apr. 30, 2018) (citing *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016)). If, to make a prima facie showing on an issue, plaintiff will need to present evidence that varies from one class member to the next, then the issue raises an individual question. *Chua v. City of L.A.*, 2017 WL 10776036, at *9 (C.D. Cal. May 25, 2017). If the same evidence can suffice for each member of the class on an issue, then it becomes a common question. *Id.* (citing *Tyson Foods, Inc.*, 136 S. Ct. at 1045) (internal quotations and citation omitted). Courts in the Ninth Circuit find predominance where there is a sufficient constellation of common issues that binds class members together. *Keegan v. Am. Honda Motor Co*, 284 F.R.D. 504, 545 (C.D. Cal. 2012).

Plaintiff's claims depend, first and foremost, on whether Defendant used reasonable data security measures to protect their PII. That question can be resolved using the same evidence for all Class Members and thus is precisely the type of predominant question that makes a class-wide settlement worthwhile. *See, e.g.*, *Tyson Foods, Inc.*, 136 S. Ct. at 1045 ("When 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) …'") (citation omitted).

Rule 23(b)(3) requires that a "class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy" and is intended to cover cases "in which a class action would achieve economies of time, effort, and expense, and promote ... uniformity of decisions as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 615. Four factors are pertinent to this inquiry: (a) the class members' interests in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already

---

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No.  5:23-cv-02293-CAS-SHK

begun by or against class members; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the likely difficulties in managing a class action. *See* Fed. R. Civ. P. 23(b)(3). Here, class treatment of Plaintiff's and the Class's claims is superior to individual actions because a class action will be more efficient and conserve costs, time, and effort. The relatively minor amount of damages traceable to each Class Member on an individual basis would not justify the pursuit of separate lawsuits across the country. Additionally, a class action is the superior method of adjudicating consumer claims arising from the Incident—just as in other data breach cases where class-wide settlements have been approved. *See, e.g.*, *Gregorson v. Toshiba America Business Solutions, Inc.*, 2025 WL 2671589 *3 (C.D Cal. 2025); *Hashemi v. Bosley*, 2022 WL 2155117 *4 (C.D. Cal. 2022). Further, the Class consists of tens of thousands of individuals who, should they be required to bring individual cases, would submit identical factual evidence regarding Defendant's liability and seek redress for the same types of injuries, yet risk having different outcomes, even though their claims arise out of the same conduct and the same Incident. All these considerations demonstrate the superiority of a class action here.

## B.    The Court Should Finally Approve the Settlement

For a proposed class action to be approved, the Court must determine, after a hearing, that it is fair, adequate, and reasonable. The Ninth Circuit has identified nine factors to consider in analyzing the fairness, reasonableness, and adequacy of a class settlement: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the views of counsel; (7) the presence of a governmental participant (not applicable here); (8) the reaction of the class

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No.  5:23-cv-02293-CAS-SHK

-10-

members to the proposed settlement and; (9) whether the settlement is a product of collusion among the parties. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). Each of these factors weighs in favor of approval here.

In applying these factors, the guiding principle for courts remains that settlements of class actions are preferable. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits."). Here, the relevant factors support the conclusion that the negotiated settlement is fundamentally fair, reasonable, and adequate, and should be finally approved.

### 1. The Strength of Plaintiffs' Case and the Risk, Expense, Complexity, and Likely Duration of Further Litigation

Plaintiff believes that she has a strong case for liability. However, Plaintiff's success is not guaranteed. Considering that this is an unsettled area of law fraught with the risk that the Class would not be certified and that Plaintiff would not succeed at trial, the present settlement represents an excellent compromise of Plaintiff's and the Class Members' claims. The actual recovery realized and risks avoided here outweigh the opportunity to pursue potentially more favorable results through full adjudication. *see Dennis v. Kellogg Co.*, 2013 WL 6055326, at *3 (S.D. Cal. Nov. 14, 2013). If the case were to proceed without settlement, there would be considerable expense incurred from expert reports, discovery, and numerous factual and legal arguments regarding liability, damages, and injunctive relief, without any guarantee of relief for the Settlement Class. *See In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 317 (N.D. Cal. 2018) (finding that "[d]ata-breach litigation is in its infancy with threshold issues still playing out in the courts" and that "[c]ourts have noted that legal uncertainty supports approval of a settlement.") There is also substantial risk associated with Plaintiff obtaining and maintaining class certification.

---

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No. 5:23-cv-02293-CAS-SHK

Class certification outside the settlement context poses a significant challenge. *See Adkins v. Facebook, Inc*., 424 F. Supp. 3d 686 (N.D. Cal. 2019) (denying motion to certify data breach damages class under Rule 23(b)(3)); *see also In re Anthem,* 327 F.R.D. at 318 ("While there is no obvious reason to treat certification in a data-breach case differently than certification in other types of cases, the dearth of precedent makes continued litigation more risky.")  Each risk, by itself, could impede the successful prosecution of these claims at trial and in an eventual appeal—which would result in zero recovery to the Class. Therefore, this factor favors approval. "Regardless of the risk, litigation is always expensive, and both sides would bear those costs if the litigation continued." *Paz v. AG Adriano Goldschmeid, Inc*., 2016 WL 4427439, at *5 (S.D. Cal. Feb. 29, 2016). "Here, as with most class actions, there was risk to both sides in continuing towards trial. The settlement avoids uncertainty for all parties involved." *Chester v. TJX Cos*., 2017 WL 6205788, at *6 (C.D. Cal. Dec. 5, 2017). Given the challenges and inherent risks Plaintiff faced with respect to the novel characteristic of data breach actions, including class certification, summary judgment, and trial, the substantial benefits of the settlement favor final approval of the Settlement.

### 2. The Risk of Maintaining Class Action Status Through Trial

The Court's PAO analyzed the requirements of Rule 23, found the requirements satisfied, and conditionally certified the Class. Nothing has changed that would affect the Court's ruling on class certification. For the reasons stated in the preliminary approval motion and the PAO, the Court's certification of the Class for settlement purposes only should be affirmed.

### 3. Amount Offered in Settlement

A settlement should stand or fall on the adequacy of its terms. *In re MRV Commus., Inc. Derivative Litig*., 2013 WL 2897874, at *4 (C.D. Cal. June 6, 2013)

---

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No.  5:23-cv-02293-CAS-SHK

(citing *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 211 (5th Cir. 1981)). The settlement here reflects an excellent result in light of the challenges that come with data breach litigation. Specifically, the settlement provides substantial monetary relief to Class Members who submit valid Claim Forms. *See* SA ¶ 51. Considering that this is an unsettled area of law fraught with the risk that the Class would not be certified and that Plaintiff would not succeed at trial, the present settlement represents an excellent compromise of Plaintiff's and the Class Members' claims.

### 4. The Extent of Discovery Completed and the Stage of Proceedings

Before entering into settlement discussions on behalf of class members, counsel should have "sufficient information to make an informed decision." *Linney*, 151 F.3d at 1239. Here, Plaintiff gathered all publicly available information that was available regarding Barracuda and the Incident. Plaintiff also engaged in formal and informal discovery efforts targeted at information pertaining to the means and mechanism of the cyberattack, the data elements at issue, and the relationship between Defendant and Class Members. Class Counsel's experience in similar types of privacy and data protection practices provided substantive knowledge to enable Class Counsel to represent Plaintiff's and Class Members' interests without expending significant time and money to come up to speed on the subject area. "[T]he efficiency with which the Parties were able to reach an agreement need not prevent this Court from granting . . . approval." *Hillman v. Lexicon Consulting, Inc.*, 2017 WL 10434013, at *4 (C.D. Cal. Oct. 12, 2017). Accordingly, Plaintiff and her counsel made a decision while fully informed about the strengths and weaknesses of this case.

### 5. The Experience and Views of Counsel

Class Counsel have substantial experience litigating complex class cases of various types, including data breach cases such as this one. Having worked on behalf

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No.  5:23-cv-02293-CAS-SHK

-13-

of the Class since the Incident was first announced, evaluated the legal and factual disputes, and dedicated significant time and resources to this litigation, Class Counsel fully endorse the settlement. A great deal of weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation. *See, e.g.*, *Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004). Therefore, this factor supports approval.

### 6. The Reaction of the Class Members to the Proposed Settlement

The deadline to object or opt-out is January 27, 2026. Admin Decl. ¶¶ 10-11. In response to the notice campaign, only one individual has requested exclusion and none have objected. *Id*. "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 529; 4 NEWBERG ON CLASS ACTIONS, § 11:48 (4th ed. 2002) ("Courts have taken the position that one indication of the fairness of a settlement is the lack of or small number of objections [citations omitted]").

### 7. The Settlement Treats Class Members Equitably

Finally, under Rule 23(e)(2)(D), the court must confirm that the settlement treats all Class Members equitably. Courts should consider "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e), advisory comm.'s note (2018). In deciding whether this factor weighs in favor of approval, a Court must determine whether the Settlement "improperly grant[s] preferential treatment to class representatives or segments of the class." *Hudson v. Libre Tech. Inc.*, WL 2467060, at *9 (S.D. Cal. May 12, 2020) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT
Case No.  5:23-cv-02293-CAS-SHK

-14-

Here, all Class Members benefit from the same relief, without preferential treatment. While Plaintiff seeks Court approval of a service award, as explained in detail in Plaintiff's Motion for Attorneys' Fees, Costs, and Service Awards, the award of $5,000 aligns with awards granted in similar cases, is presumptively reasonable, and does not call into question Plaintiff's adequacy or the validity of the Settlement. Therefore, this factor also weighs in favor of approval.

## V.  CONCLUSION

For these reasons, Plaintiff respectfully requests that this Court finally approve the settlement.

Date: December 29, 2025        Respectfully Submitted,

                               /s/ John J. Nelson
                               John J. Nelson (SBN 317598)
                               **MILBERG COLEMAN BRYSON
                               PHILLIPS GROSSMAN, PLLC**
                               280 S. Beverly Drive, Penthouse
                               Beverly Hills, CA 90212
                               Telephone: (858) 209-6941

**Certificate of Compliance Pursuant to L.R. 11-6.2**

The undersigned, counsel of record for Plaintiff and the Settlement Class, certifies that this brief contains 4523 words, which complies with the word limit of L.R. 11-6.1.

Date: December 29, 2025        Respectfully Submitted,

                               /s/ John J. Nelson
                               John J. Nelson

---

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED
MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No.  5:23-cv-02293-CAS-SHK

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 29, 2025, the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

*/s/ John J. Nelson*
John J. Nelson

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**
Case No.  5:23-cv-02293-CAS-SHK

-16-