John J. Nelson (SBN 317598)
**MILBERG PLLC**
280 S. Beverly Drive, Penthouse
Beverly Hills, CA 90212
Telephone: (858) 209-6941

*Counsel for Plaintiff and the Settlement Class*

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA WALL, individually and on behalf of all others similarly situated,<br><br>PLAINTIFF,<br><br>vs.<br><br>WESCOM CENTRAL CREDIT UNION and BARRACUDA NETWORKS, INC.,<br><br>DEFENDANTS. | Case No.  5:23-cv-02293-CAS-SHKx<br><br>(Assigned to Hon. Christina A. Snyder)<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

WHEREAS, the Court, having considered the Settlement Agreement filed August 29, 2025 (the "Settlement") between and among Named Plaintiff Priscilla Wall ("Plaintiff" or "Settlement Class Representative"), individually and on behalf of the Settlement Class, and Defendant Barracuda Networks, Inc. ("Barracuda" or "Defendant") (collectively, the "Parties"), having considered the Court's Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), having held a Final Approval Hearing on February 2, 2026, having considered all of the submissions and

arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      Plaintiff's Motion for Final Approval of Class Action Settlement is **GRANTED**.

2.      This Order incorporates herein and makes a part hereof, the Settlement (including its exhibits) and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement and Preliminary Approval Order shall have the same meanings for purposes of this Order.

3.      The Court has personal jurisdiction over Plaintiff, the Settlement Class Members, and Defendant for purposes of this settlement, and has subject matter jurisdiction over this matter including, without limitation, jurisdiction to approve the Settlement, confirm certification of the Settlement Class for settlement purposes only, to settle and release all claims released in the Settlement, and to dismiss the Litigation with prejudice.

**I.      CERTIFICATION OF THE SETTLEMENT CLAS**

4.      Based on its review of the record, including the Settlement, all submissions in support of the Settlement, and all prior proceedings in the Action, the Court finally certifies the following Settlement Class for settlement purposes only:

> All individuals who may have had Private Information potentially compromised as a result of the Incident, and who were provided notice of the Incident by Wescom.

5.      Excluded from the Settlement Class are: (1) the judge presiding over the Action and members of her direct family, and the court personnel working on the Action, including the Court personnel's direct family members, (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or Defendant's parent companies have a controlling interest and their current or former

officers and directors, (3) Wescom Central Credit Union, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Wescom or Wescom's parent companies have a controlling interest and their current or former officers and directors, and (4) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline. Such persons shall not receive the benefits of the Settlement and shall not be bound by this Order.

6. No Objections to the Settlement have been received and one member of the Class has timely requested exclusion from the Settlement. Accordingly, Patricia A. King Sheeter will not be bound by this Order and shall not receive the benefits of the Settlement and shall not be bound by this Order.

7. For settlement purposes only, with respect to the Settlement Class, the Court confirms that the prerequisites for a class action pursuant to Federal Rule of Civil Procedure 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact common to all members of the Settlement Class predominate over any potential individual questions; (c) the claims of Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy. Any objections to the Settlement have been considered and are hereby overruled.

## II.    NOTICE TO THE SETTLEMENT CLASS

8. The Court finds that Notice has been given to the Settlement Class in the manner directed by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement including its Releases, their right to exclude themselves from the Settlement Class or

object to all or any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.

9.      Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated within the time required by 28 U.S.C. § 1715, and that ninety (90) days has passed without comment or objection from any governmental entity.

## III.   FINAL APPROVAL OF THE SETTLEMENT

10.      The Court finds that the Settlement resulted from arm's-length negotiations between Class Counsel and Defendant aided by the exchange of informal discovery.

11.      The Court hereby finally approves in all respects the Settlement as fair, reasonable, and adequate, and in the best interest of the Settlement Class.

12.      The Court finds that Plaintiff and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

13.      The Parties shall consummate the Settlement in accordance with the terms thereof. The Settlement, and each and every term and provision thereof, including its Releases, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

## IV.   DISMISSAL OF CLAIMS AND RELEASE

14.      The Action is hereby dismissed with prejudice as to all Parties including the Settlement Class and without cost to any party, except as otherwise provided herein or in the Settlement.

15.      Upon the Effective Date, and in consideration of the benefits set forth in the Settlement, Settlement Class Members release, acquit, and forever discharge Defendant

- 4-

FINAL APPROVAL ORDER

and the Released Parties and their past or present agents, subsidiaries, parents, and affiliates, and their respective employees, officers, directors, shareholders, partners, members, managers, owners, heirs, executors, predecessors, successors, assigns, insurers (including excess insurers and reinsurers), vendors, attorneys, and/or sureties from any claims, demands, rights, actions, or causes of action, liabilities, damages, losses, obligations, judgments, suits, penalties, remedies, matters, and issues of any kind or nature, whether known or unknown, that each Settlement Class Member has, had, or may ever have, now or in the future, known or unknown, arising out of or in any way related to the Incident whether or not those claims, demands, rights, actions, or causes of action have been pleaded or otherwise asserted, including any and all damages, losses, or consequences thereof. Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Settlement Agreement.

16. Upon entry of this Final Approval Order, the Settlement Class Representative and other Settlement Class Members who have not timely exclude themselves are enjoined from prosecuting any Released Claims in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by the Settlement or by this Final Approval Order. The Settlement may be pleaded as a complete defense to any claim or proceeding described in the foregoing Paragraph.

## V. ATTORNEYS' FEES, COSTS, AND EXPENSES AND REPRESENTATIVE PLAINTIFF'S SERVICE AWARD

17. The Court awards attorneys' fees and reimbursement of costs and expenses in the amount of $125,000, and payment of a service award in the amount of $5,000 to Plaintiff. The Court directs Defendant to pay such amounts in accordance with the terms of the Settlement.

- 5-

FINAL APPROVAL ORDER

18.    Defendant is further ordered to pay the costs of Notice and Administrative Expenses separate and apart from all other Settlement benefits and in accordance with the terms of the Settlement.

## VI.    OTHER PROVISIONS

19.    Without affecting the finality of this Final Approval Order in any way, the Court retains continuing and exclusive jurisdiction over the Parties and the Settlement Class for the purpose of consummating, implementing, administering, and enforcing all terms of the Settlement.

20.    Nothing in this Final Approval Order, the Settlement, or any documents or statements relating thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendant.

21.    In the event the Effective Date does not occur, this Final Approval Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement, this Order and all orders entered in connection herewith shall be vacated and null and void, the Parties shall be restored to their respective positions in the Action, all of the Parties' respective pre-Settlement claims and defenses will be preserved, and the terms and provisions of the Settlement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement shall be treated as vacated, *nunc pro tunc*.

**IT IS SO ORDERED.**

Dated: May 12, 2026

_Christina A. Snyder_

HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

- 6-

FINAL APPROVAL ORDER